UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CLARENCE B. BYNUM,                  )
                                    )
            Plaintiff,              )
                                    )
      v.                            )  Civil Action No. 04-0259 (PLF)
                                    )
MVM, INC.,                          )
                                    )
            Defendant.              )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on plaintiff's motion in limine [33] ("Mot.") and defendant's opposition thereto ("Opp."). Plaintiff requests that three categories of evidence be excluded from the upcoming trial: (1) the expert testimony of Dr. L. Chelton; (2) evidence concerning plaintiff's post-termination workplace injury; and (3) MVM's offer of employment to plaintiff during settlement negotiations. See Mot. at 3. Upon careful consideration, the Court grants plaintiff's motion in part and denies it in part without prejudice.

Dr. Chelton is a fact witness in this case and he may testify as such. Dr. Chelton may testify about what he said in his August 2003 report and his contemporaneous analysis of plaintiff's medical status. For the reasons explained below, Dr. Chelton may not testify as a potential expert witness as to any opinion or speculation that he may have developed after the fact or with the benefit of hindsight or information not available to him at the time of his involvement with plaintiff's employment and termination by defendant.

One of the bases of plaintiff's argument to exclude expert testimony from Dr.

Chelton is that defendant never provided an expert report for Dr. Chelton to plaintiff under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. While defendant's briefing in opposition to this issue lacked citations to any case law whatsoever – or indeed, any precise analysis – the Court concludes through its own research that defendant was not required to submit an expert report under Rule 26(a)(2)(B), unless Dr. Chelton was "retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony[.]" FED. R. CIV. P. 26(a)(2)(B); see Riddick v. Washington Hospital Center, 183 F.R.D. 327, 330 (D.D.C. 1998) (Friedman, J.) (If the doctor's opinions were reached during the course of, and in connection with, his diagnosis and treatment of plaintiff, the doctor may testify about them at trial even without having filed a Rule 26(a)(2)(B) report.).

Judge Bates recently analyzed the requirements of Rule 26(a)(2)(B) with respect to treating physicians. As he explained:

> The 1993 advisory committee note to Rule 26 reiterates that the requirement of a written expert report "applies only to those experts who are retained or specially employed" to provide expert testimony, and concludes that "a treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." The advisory committee note recognizes the common sense proposition that a treating physician has a relationship with the patient that is typically separate from the case, based on his care and treatment of the patient, and thus he should not be deemed "retained" based solely on that relationship. *See Wreath v. United States,* 161 F.R.D. 448, 450 (D.Kan.1995). It also recognizes that a treating physician will, like a fact witness, have personal knowledge based on his care and treatment, and to the extent fact testimony is being provided, it should not be subject to the requirement of a written report. *See Sullivan v. Glock, Inc.,* 175 F.R.D. 497, 500-501 (D.Md.1997) (describing treating physician as a "hybrid fact/expert witness").

Kirkham v. Societe Air France, 236 F.R.D. 9, 10 -11 (D.D.C. 2006).

Whether or not a Rule 26(a)(2)(B) report is required before a treating physician testifies depends on the topics and scope of his testimony.  See Kirkham v. Societe Air France, 236 F.R.D. at 11 (collecting cases).  "As a treating physician, [the doctor] may describe what she has seen, describe and explain her diagnosis and the treatment she prescribed . . . without running afoul of the constraints of Rules 26 and 37 of the Federal Rules of Civil Procedure."  Riddick v. Washington Hospital Center, 183 F.R.D. at 330.  "'Without an expert report, a treating physician may not testify as to issues of causation, foreseeability, prognosis, and permanency.'"  Kirkham v. Societe Air France, 236 F.R.D. at 11 (quoting and citing Anthony v. Washington Metro. Area Transit Auth., Civil Action No. 04-0622, slip op. at 5 (D.D.C. Apr. 8, 2005) (Kay, M.J.)).  In determining whether an expert report is required, the Court should consider whether the physician was "retained or specially employed" in connection with the litigation within the meaning of Rule 26(a)(2)(B).  See Kirkham v. Societe Air France, 236 F.R.D. at 12.  As Judge Bates concluded, "a treating physician who testifies solely as to information learned from his actual treatment of a patient is not subject to the expert report requirement – the written report requirement would apply, if at all, only to causation, prognosis, and permanency."  Id; see also 6 MOORE'S FEDERAL PRACTICE § 26.23[2][b][iii] (3d Ed. 2002) (The majority rule is that "an expert report is not required from treating physicians except when that physician will testify to matters learned outside the scope of treatment.").

Accordingly, in the absence of a timely Rule 26(a)(2)(B) expert report having been filed for Dr. Chelton, Dr. Chelton will be allowed to testify solely as to information learned

from his actual treatment, examination, or analysis of Mr. Bynum's condition in August 2003 – including matters contained in his August 2003 report. Dr. Chelton will not be allowed to testify about plaintiff's current condition, prognosis, causation or permanency, and any other such forward-looking speculation, or other conclusion reached with the benefit of hindsight and after the underlying events that gave rise to this lawsuit.

With respect to plaintiff's post-termination injury, the motion is denied without prejudice. The Court will require defendant to make a proffer before opening statements and again at the conclusion of plaintiff's case if it wishes to ask the jury to draw any inferences from the fact of the injury and amputation. Both parties may wish to consider and propose, if they think it appropriate, a limiting or cautionary instruction.

With respect to the offer of employment made during settlement discussions, plaintiff's motion is denied without prejudice to this objection being raised again during trial.

Accordingly, it is hereby

ORDERED that plaintiff's motion in limine [33] is granted in part and is denied in part without prejudice.

SO ORDERED.

___/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 20, 2007