UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE B. BYNUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 04-0259 (PLF) |
| | ) |
| MVM, INC., | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's motion in limine [40] "for (a) Reconsideration of the Motion for Summary Judgment, (b) Punitive Damages and (c) Future Lost Wage." Motion at 1.[1]

Motions for reconsideration are not specifically provided for under the Federal Rules of Civil Procedure. While the most analogous rule is Rule 60, which provides for relief from a final judgment or order, motions to reconsider interlocutory orders are not governed by Rule 60(b), but rather, such determinations are committed to the sound discretion of the trial court. See UMWA 1974 Pension Trust, 793 F. Supp. 339, 345 (D.D.C. 1992). While this Court has discretion to reconsider interlocutory orders, "the Supreme Court has admonished that courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." In re Vitamins Antitrust Litigations, Misc. No. 99-0197, 2000 U.S. Dist. LEXIS 11350, at *17-18 (D.D.C. July 28, 2000)

---

[1] The Court will treat the first part of the motion in limine as a motion for reconsideration, and will refer to it as such.

(citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988)) (additional internal citation and quotation omitted).  In light of the need for finality in judicial decision-making, the Court therefore generally should grant a motion for reconsideration of an interlocutory order "only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Id. at *18 (internal quotation omitted).

Defendant argues that the Court fails to distinguish between the actions of the United States Marshals Service ("USMS") and defendant MVM, Inc. See Motion at 1.  USMS is not a party to this action.  Defendant never moved for USMS to be joined as a party.  To the extent that MVM, Inc. is arguing that it cannot be held liable as a matter of law for the actions that its client, USMS, requested it to take, the Court disagrees.  See Motion at 5 ("It is the defendant's position that the United States Marshals Service determination was dispositive of Mr. Bynum's disqualification from the CSO position.").  If, hypothetically, the USMS told the defendant not to hire or retain any black court security officers or any female court security officers, and MVM complied with that request, MVM could be held liable for violating Title VII.  MVM may not avoid liability as a matter of law merely by saying "my client told me to do it."

Defendant cites a recent decision by the Third Circuit, also involving MVM and a USMS contract, in support of its position.  See Motion at 1 (citing Wilson v. MVM, Inc., 475 F.3d 166 (3d Cir. 2007)).  The Court has now read this opinion.  The Court concludes that Wilson, while interesting, is distinguishable from the case at bar.  First, the Court notes that in Wilson, MVM, Inc. and the United States Marshals Service were co-defendants – which is not true of the instant action.  Additionally, the district court, in its first published opinion in that

case, does not appear to disagree with the analysis set forth above – "the contract simply gives the USMS the right to prevent those who are not physically fit from working as CSOs at the various federal facilities.  It does not require MVM to discharge them from its employment." Wilson v. MVM, Inc., Civil Action No. 03-4514, 2004 WL 765103, at *10 (E.D.Pa. April 1, 2004).

According to the Third Circuit, the district court in Wilson later granted summary judgment for MVM, finding that "MVM did not violate the ADA because MVM did not believe the appellants were impaired within the meaning of the statute."  Wilson v. MVM, Inc., 475 F.3d at 172.  The Third Circuit affirmed the district court, stating:

> Therefore, [plaintiffs] can only prevail if they show that MVM regarded them as being impaired.  To meet this standard, MVM must have mistakenly believed that [plaintiffs] have a physical impairment that substantially limits one or more major life activities or mistakenly believed that an actual non-limiting impairment substantially limits one or more major life activities.  It is insufficient for the appellants to show that MVM thought they were, in some way, impaired.  Rather, the appellants must show that MVM thought they were disabled within the meaning of the statute.  *The undisputed evidence shows that MVM did not consider the appellants in any way disabled* and would have reinstated them immediately if the USMS would have determined the appellants were medically qualified. As a matter of law, MVM did not regard the appellants as impaired within the meaning of the ADA.

Wilson v. MVM, Inc., 475 F.3d at 179 (internal quotations and citations omitted) (emphasis provided).

This analysis shows that this case is entirely distinguishable from Wilson.  The undersigned does not know what evidence was presented to the district court in the Wilson case – that said, the undisputed evidence *before this Court* does *not* show that MVM did not regard the

3

plaintiff as being in any way disabled, within the meaning of the ADA.  See Bynum v. MVM, Inc., 462 F. Supp. 2d 9, 13-14 (D.D.C. 2006).  Rather, there are genuine issues of material fact in dispute, rendering this matter inappropriate for summary judgment.  See id. at 14.  Defendant's motion for reconsideration of this Court's summary judgment decision will be denied.

With respect to defendant's second request, for a proffer of evidence to support plaintiff's claim for punitive damages, the request is denied without prejudice.  If defendant would like such a proffer, defendant should brief the issue properly, including citations to relevant law.

With respect to defendant's third request, the Court is unable to determine what the defendant is requesting.  The motion states, in total: "[a]s discussed at the Pretrial Conference on March 16, 2007, this defendant urges the Court to include any claim of future lost wage or consequential damages lost property, absent a proffer of probative evidence." Motion at 7.  The Court does not know what this means and also suspects – from the use of the word "include" in a motion in limine – that the sentence may have a typographical error or errors in it, along with grammatical issues.  The request is denied without prejudice to the defendant clarifying and resubmitting its request.

Accordingly, it is hereby

ORDERED that defendant's motion to reconsider this Court's decision with respect to summary judgment [40] is DENIED; and it is

FURTHER ORDERED that defendant's second and third requests are DENIED without prejudice.

SO ORDERED.

```
                                    ___/s/_____
                                    PAUL L. FRIEDMAN
                                    United States District Judge
```

DATE: March 20, 2007